IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EIREOG INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Civil Action No. 2:24-cv-239-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

### **LENOVO GROUP LIMITED'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Lenovo Group Limited ("LGL"), by and through its undersigned counsel, hereby responds to Plaintiff Eireog Innovations Limited's ("Eireog" or "Plaintiff") Amended Complaint for Patent Infringement ("Amended Complaint," Dkt. 12). LGL denies all allegations and characterizations in the Amended Complaint unless expressly admitted below.

### **INTRODUCTION**

1. The allegations in Paragraph 1 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, LGL denies that any of the United States Patent Nos. 9,436,626 ("the '626 Patent"), 9,442,870 ("the '870 Patent"), 8,504,777 ("the '777 Patent"), and 8,117,399 ("the '399 Patent") (collectively, the "Patents-In-Suit")[1] represent any improvements over the prior art and denies that any of these patents is valid, enforceable, or duly issued in compliance with Title 35 of the United States Code. LGL has insufficient knowledge to admit or deny that Plaintiff is the owner of any of the Patents-In-Suit. LGL denies Plaintiff's allegations that LGL infringes any claim of the Patents-In-Suit.

---

[1] On August 20, 2024, the Court dismissed Count V of Eireog's Amended Complaint asserting infringement of United States Patent No. 9,335,805 ("the '805 Patent"). *See* Dkt. 53.

Except as expressly admitted, LGL denies all remaining allegations in Paragraph 1 of the Amended Complaint.

## PARTIES[2]

2.     LGL has insufficient knowledge to admit or deny the allegations in Paragraph 2 of the Amended Complaint and, on that basis, denies them.

3.     LGL admits that it is a foreign company, with its headquarters at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. of China. Except as expressly admitted, LGL denies all remaining allegations in Paragraph 3 of the Amended Complaint.

4.     The allegations in Paragraph 4 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL denies that it has induced any subsidiaries, affiliates, retail partners, or customers to commit acts of patent infringement in this State or elsewhere in the United States.  LGL further denies that it sells any Lenovo-branded products in the State of Texas.  Except as expressly admitted, LGL denies all remaining allegations in Paragraph 4 of the Amended Complaint.

5.     The allegations in Paragraph 5 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, LGL admits that Lenovo (United States) Inc. ("Lenovo US") and Lenovo Global Technology (United States) Inc. ("Lenovo Global Tech US") are indirectly held subsidiaries of LGL.  Except as expressly admitted, LGL denies all remaining allegations in Paragraph 5 of the Amended

---

[2] For clarity and ease of reference, Lenovo repeats herein the section headers recited in Eireog's Amended Complaint.   To the extent any section header is construed to be a factual allegation, Lenovo denies any and all such allegations.

Complaint.

6. LGL admits that Lenovo US is a corporation organized and existing under the laws of Delaware, with its headquarters at 8001 Development Dr., Morrisville, NC 27560. LGL further admits that Lenovo US has a registered agent for service, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas Texas 75201. LGL denies that Lenovo US is headquartered at 1009 Think Place, Morrisville, NC 27560.

7. LGL admits that Lenovo Global Tech US is a corporation organized and existing under the laws of Delaware, with its headquarters at 8001 Development Dr., Morrisville, NC 27560. LGL further admits that Lenovo Global Tech US has a registered agent for service, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas Texas 75201. LGL denies that Lenovo Global Tech US is headquartered at 1009 Think Place, Morrisville, NC 27560.

8. The allegations in Paragraph 8 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the 2022/23 Annual Report purportedly attached as Exhibit 1 of the Amended Complaint speaks for itself. Except as expressly admitted, LGL denies all remaining allegations in Paragraph 8 of the Amended Complaint

9. The allegations in Paragraph 9 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL admits that Lenovo US and Lenovo Global Tech US import certain Lenovo-branded products into the United States and sell them in the United States. Except as expressly admitted, LGL denies all remaining allegations in Paragraph 9 of the Amended Complaint.

## JURISDICTION AND VENUE

10. LGL admits that the Amended Complaint purports to set forth an action for patent

infringement under the United States Patent Laws, 35 U.S.C. § 1 *et seq.*, but LGL denies that there are any factual or legal bases for Plaintiff's claims.  LGL admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, LGL denies all remaining allegations in Paragraph 10 of the Amended Complaint.

11. The allegations in Paragraph 11 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, LGL denies that this Court has personal jurisdiction over LGL.  LGL admits that the courts in *ACQIS LLC v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 307 (W.D. Tex. 2021) and *AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-cv-00280-RWS-RSP, Dkt. 110 (E.D. Tex. Sept. 6, 2023) denied LGL's Motions to Dismiss for Lack of Personal Jurisdiction in the State of Texas.  Except as expressly admitted, LGL denies all remaining allegations in Paragraph 11 of the Amended Complaint.

12. The allegations in Paragraph 12 of the Amended Complaint contain legal conclusions to which no response is required.  LGL admits that it is a foreign corporation.  Except as expressly admitted, LGL denies all remaining allegations in Paragraph 12 of the Amended Complaint.

## COUNT I

## NONINFRINGEMENT OF U.S. PATENT NO. 9,436,626

13. LGL incorporates by reference its responses to Paragraphs 1 to 12 of the Amended Complaint as if fully set forth herein.

14. LGL admits that the '626 Patent is titled "Processor interrupt interface with interrupt partitioning and virtualization enhancements."  LGL admits that, on its face, the '626 Patent states that it was issued on September 6, 2016.  LGL admits that the Amended Complaint

purports to attach a copy of the '626 Patent as Exhibit 2. LGL denies that the '626 Patent is valid, enforceable, or duly issued in compliance with Title 35 of the United States Code. LGL has insufficient knowledge to admit or deny any remaining allegations in Paragraph 14 of the Amended Complaint and, on that basis, denies them.

15. The allegations in Paragraph 15 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies that it infringes any claim of the '626 Patent. LGL denies all remaining allegations in Paragraph 15 of the Amended Complaint.

16. The allegations in Paragraph 16 of the Amended Complaint contain legal conclusions to which no response is required. LGL admits that the Amended Complaint purports to attach two charts comparing claim 1 of the '626 Patent to certain products. Except as expressly admitted, LGL denies all remaining allegations in Paragraph 16 of the Amended Complaint.

17. The allegations in Paragraph 17 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 17 of the Amended Complaint.

18. The allegations in Paragraph 18 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 18 of the Amended Complaint.

19. The allegations in Paragraph 19 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 19 of the Amended Complaint.

20. The allegations in Paragraph 20 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL has

insufficient knowledge to admit or deny the allegations in Paragraph 20 of the Amended Complaint and, on that basis, denies them.

21. The allegations in Paragraph 21 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 21 of the Amended Complaint.

22. The allegations in Paragraph 22 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 22 of the Amended Complaint.

## COUNT II

## NONINFRINGEMENT OF U.S. PATENT NO. 9,442,870

23. LGL incorporates by reference its responses to Paragraphs 1 to 22 of the Amended Complaint as if fully set forth herein.

24. LGL admits that the '870 Patent is titled "Interrupt priority management using partition-based priority blocking processor registers." LGL admits that, on its face, the '870 Patent states that it was issued on September 13, 2016. LGL admits that the Amended Complaint purports to attach a copy of the '870 Patent as Exhibit 10. LGL denies that the '870 Patent is valid, enforceable, or duly issued in compliance with Title 35 of the United States Code. LGL has insufficient knowledge to admit or deny any remaining allegations in Paragraph 24 of the Amended Complaint and, on that basis, denies them.

25. The allegations in Paragraph 25 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies that it infringes any claim of the '870 Patent. LGL denies all remaining allegations in Paragraph 25 of the Amended Complaint.

26. The allegations in Paragraph 26 of the Amended Complaint contain legal conclusions to which no response is required.  LGL admits that the Amended Complaint purports to attach two charts comparing claim 1 of the '870 Patent to certain products.  Except as expressly admitted, LGL denies all remaining allegations in Paragraph 26 of the Amended Complaint.

27. The allegations in Paragraph 27 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 27 of the Amended Complaint.

28. The allegations in Paragraph 28 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 28 of the Amended Complaint.

29. The allegations in Paragraph 29 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 29 of the Amended Complaint.

30. The allegations in Paragraph 30 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL has insufficient knowledge to admit or deny the allegations in Paragraph 30 of the Amended Complaint and, on that basis, denies them.

31. The allegations in Paragraph 31 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 31 of the Amended Complaint.

32. The allegations in Paragraph 32 of the Amended Complaint are conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 32 of the Amended Complaint.

## COUNT III

## NONINFRINGEMENT OF U.S. PATENT NO. 8,504,777

33. LGL incorporates by reference its responses to Paragraphs 1 to 32 of the Amended Complaint as if fully set forth herein.

34. LGL admits that the '777 Patent is titled "Data processor for processing decorated instructions with cache bypass." LGL admits that, on its face, the '777 Patent states that it was issued on August 6, 2013. LGL admits that the Amended Complaint purports to attach a copy of the '777 Patent as Exhibit 13. LGL denies that the '777 Patent is valid, enforceable, or duly issued in compliance with Title 35 of the United States Code. LGL has insufficient knowledge to admit or deny any remaining allegations in Paragraph 34 of the Amended Complaint and, on that basis, denies them.

35. The allegations in Paragraph 35 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies that it infringes any claim of the '777 Patent. LGL denies all remaining allegations in Paragraph 35 of the Amended Complaint.

36. The allegations in Paragraph 36 of the Amended Complaint contain legal conclusions to which no response is required. LGL admits that the Amended Complaint purports to attach two charts comparing claim 16 of the '777 Patent to certain products. Except as expressly admitted, LGL denies all remaining allegations in Paragraph 36 of the Amended Complaint.

37. The allegations in Paragraph 37 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 37 of the Amended Complaint.

38. The allegations in Paragraph 38 of the Amended Complaint contain legal

conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 38 of the Amended Complaint.

39. The allegations in Paragraph 39 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 39 of the Amended Complaint.

40. The allegations in Paragraph 40 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, LGL has insufficient knowledge to admit or deny the allegations in Paragraph 40 of the Amended Complaint and, on that basis, denies them.

41. The allegations in Paragraph 41 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 41 of the Amended Complaint.

42. The allegations in Paragraph 42 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, LGL denies all allegations in Paragraph 42 of the Amended Complaint.

## COUNT IV

## NONINFRINGEMENT OF U.S. PATENT NO. 8,117,399

43. LGL incorporates by reference its responses to Paragraphs 1 to 42 of the Amended Complaint as if fully set forth herein.

44. LGL admits that the '399 Patent is titled "Processing of coherent and incoherent accesses at a uniform cache."  LGL admits that, on its face, the '399 Patent states that it was issued on February 14, 2012.  LGL admits that the Amended Complaint purports to attach a copy of the '399 Patent as Exhibit 16.  LGL denies that the '399 Patent is valid, enforceable, or duly

issued in compliance with Title 35 of the United States Code. LGL has insufficient knowledge to admit or deny any remaining allegations in Paragraph 44 of the Amended Complaint and, on that basis, denies them.

45. The allegations in Paragraph 45 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies that it infringes any claim of the '399 Patent. LGL denies all remaining allegations in Paragraph 45 of the Amended Complaint.

46. The allegations in Paragraph 46 of the Amended Complaint contain legal conclusions to which no response is required. LGL admits that the Amended Complaint purports to attach two charts comparing claim 14 of the '399 Patent to certain products. Except as expressly admitted, LGL denies all remaining allegations in Paragraph 46 of the Amended Complaint.

47. The allegations in Paragraph 47 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 47 of the Amended Complaint.

48. The allegations in Paragraph 48 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 48 of the Amended Complaint.

49. The allegations in Paragraph 49 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 49 of the Amended Complaint.

50. The allegations in Paragraph 50 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, LGL has insufficient knowledge to admit or deny the allegations in Paragraph 50 of the Amended

Complaint and, on that basis, denies them.

51.  The allegations in Paragraph 51 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 51 of the Amended Complaint.

52.  The allegations in Paragraph 52 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, LGL denies all allegations in Paragraph 52 of the Amended Complaint.

## COUNT V

## NONINFRINGEMENT OF U.S. PATENT NO. 9,335,805

53.  Count 5 was dismissed by the Court on August 20, 2024. *See* Dkt. 53. To the extent a response is required to Paragraphs 53-62 of the Amended Complaint, LGL denies all allegations therein.

## LGL'S DEFENSES

54.  LGL asserts the following defenses in response to the allegations of the Amended Complaint, undertaking the burden of proof only as required by law, regardless of how such defenses are denominated herein. LGL reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not deemed affirmative defenses by law, or to the extent Plaintiff further modifies its allegations.

## FIRST DEFENSE – PATENT INVALIDITY

55.  Plaintiff's purported claim for infringement of the '626 Patent is barred because the claims of the '626 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

56.  Plaintiff's purported claim for infringement of the '870 Patent is barred because

11

the claims of the '870 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

57. Plaintiff's purported claim for infringement of the '777 Patent is barred because the claims of the '777 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

58. Plaintiff's purported claim for infringement of the '399 Patent is barred because the claims of the '399 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

### SECOND DEFENSE – NON-INFRINGEMENT

59. LGL does not infringe and has not infringed, directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '626 Patent.

60. LGL does not infringe and has not infringed, directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '870 Patent.

61. LGL does not infringe and has not infringed, directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '777 Patent.

62. LGL does not infringe and has not infringed, directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '399 Patent.

### THIRD DEFENSE – LIMITATION ON DAMAGES AND OTHER RELIEF

63. Plaintiff's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including but not limited to, 35 U.S.C. §§ 286, 287, and/or 288.

### FOURTH DEFENSE – EQUITABLE DOCTRINES

64. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver

(whether express or implied), acquiescence, laches, estoppel, patent misuse, and/or unclean hands.

**FIFTH DEFENSE – PROSECUTION HISTORY ESTOPPEL AND ENSNAREMENT**

65. Plaintiff is estopped based on amendments, statements, representations, and admissions during the prosecution of the applications that led to the Patents-In-Suit from asserting any interpretation of the claims of Patents-In-Suit that would be broad enough to cover any of LGL's products or methods alleged to infringe the Patents-In-Suit. Additionally, Plaintiff's claims for patent infringement under the doctrine of equivalents are precluded, in whole or in part, by the doctrine of ensnarement.

**SIXTH DEFENSE: GOVERNMENT SALES**

66. Plaintiff's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the alleged inventions of the Patents-In-Suit by or for the United States.

**SEVENTH DEFENSE –
LICENSE (EXPRESS OR IMPLIED) AND/OR PATENT EXHAUSTION**

67. Plaintiff's claims for patent infringement are precluded in whole or in part by express and/or implied license(s) and/or agreement(s) regarding the Patents-In-Suit and by the doctrines of full compensation, the prohibition against dual recovery, and/or exhaustion.

**RESERVATION OF ADDITIONAL DEFENSES**

68. LGL reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

**LGL'S PRAYER FOR RELIEF**

69. WHEREFORE, LGL respectfully seeks the following relief:

   a. Dismissal with prejudice of Eireog's Amended Complaint in its entirety;

   b. Denial of all remedies and relief sought by Eireog in its Amended

        Complaint;

c.     Declaration that Eireog has not suffered any monetary or other harm and that LGL is not liable for any damages;

d.     Declaration that LGL does not infringe and has not infringed any claim of the Patents-In-Suit, either directly or indirectly, literally or otherwise, willfully, or otherwise;

e.     Declaration that all claims of the Patents-In-Suit are invalid for failing to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112;

f.     Declaration that the Patents-In-Suit are unenforceable against LGL, in whole or in part, under the doctrines of waiver, acquiescence, equitable estoppel, exhaustion, license, unclean hands, patent misuse, prosecution history estoppel, and/or Plaintiff's failure to comply with 35 U.S.C. § 287;

g.     A finding that this case is exceptional under 35 U.S.C. § 285 and/or other applicable laws, and awarding LGL its costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

h.     Awarding LGL any other and additional relief as this Court deems just and proper.

## **LGL'S DEMAND FOR JURY TRIAL**

70.     LGL hereby demands a jury trial on all issues so triable.

Dated: October 31, 2024

Respectfully Submitted,

/s/ *Sarah R. Frazier*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Joseph J. Mueller (pro hac vice)
joseph.mueller@wilmerhale.com
Dominic E. Massa (pro hac vice)
dominic.massa@wilmerhale.com
Louis W. Tompros (pro hac vice)
louis.tompros@wilmerhale.com
Sarah R. Frazier (pro hac vice)
sarah.frazier@wilmerhale.com
Jason H. Liss (pro hac vice)
jason.liss@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Dennis Wang
dennis.wang@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

David M. Hoffman (TX Bar No. 24046084)
hoffman@fr.com
**Fish & Richardson P.C.**
111 Congress Avenue, Suite 2000
Austin, TX 78701
Phone: 512-472-5070

Aaron P. Pirouznia (TX Bar No. 24098958)
pirouznia@fr.com
**Fish & Richardson P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Phone: 214-747-5070

Jeffrey Shneidman (MA Bar No. 681612)
shneidman@fr.com
**Fish & Richardson P.C.**
One Marina Park Drive
Boston, MA 02210
Phone: 617-542-5070

Erin P. Gibson
erin.gibson@us.dlapiper.com
Helena D. Kiepura
helena.kiepura@us.dlapiper.com
Salvatore Tamburo
salvatore.tamburo@us.dlapiper.com
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 733-4000
Facsimile: (202) 799-5300

Claire E. Schuster
claire.schuster@us.dlapiper.com
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406.6021
Facsimile: (617) 406.6100

Ahimsa E. Hodari
ahimsa.hodari@us.dlapiper.com
**DLA PIPER LLP (US)**
845 Texas Avenue, Suite 3800
Houston, TX 77002
Telephone: (713) 425-8486
Facsimile: (713) 300-6086
ahimsa.hodari@us.dlapiper.com

*Attorneys for Lenovo Group Limited*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on October 31, 2024.

                                             /s/ *Sarah R. Frazier*
                                               Sarah R. Frazier